IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, ) | Civil Action No.: 8:16-cv-01202-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION BY** |
| ) | **MAGISTRATE JUDGE** |
| Bryan P. Stirling, Director; Leroy ) | |
| Cartledge, Warden; Jennifer Franklin, ) | |
| Postal Director; Beth Tidwell; Ms. ) | |
| McSkinis, Property Control, ) | |
| ) | |
| Defendants. ) | |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. §1983. On June 28, 2016, Defendants filed a motion to dismiss. [Doc. 14.] By Order of this Court on June 29, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 15.] Despite this explanation, Plaintiff failed to respond to the motion to dismiss.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark*

*Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response to the motion to dismiss. The Court specifically warned Plaintiff that the case

would be subject to dismissal if he failed to meet Court deadlines. Despite being advised of the possible consequences if he failed to adequately respond, Plaintiff has elected not to respond. Because Plaintiff has already ignored the Court Order and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).[*]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

August 15, 2016  
Greenville, South Carolina

---

[*] On June 15, 2016, this Court entered an order in *Rivera v. Bodiford*, No. 8:15-cv-03272, dismissing Plaintiff's civil rights action for failure to state a claim upon which relief could be granted. [8:15-cv-3272, ECF No. 15.] The Court also designated that case a strike pursuant to 28 U.S.C. § 1915(g). [*Id.*] On June 20, 2016, this Court entered an order in *Rivera v. Stirling*, No. 8:15-cv-02135, dismissing Plaintiff's civil rights action for failure to state a claim upon which relief can be granted. [8:15-cv-2135, ECF No. 16.] The Court also designated that case a strike pursuant to 28 U.S.C. § 1915(g). [*Id.*] On June 30, 2016, this Court entered an order in *Kenneth Rivera v. Bryan Stirling*, No. 8:15-cv-2995, dismissing Plaintiff's civil rights action for failure to state a claim upon which relief can be granted. [8:15-cv-02995, ECF No. 15.] The Court designated that case a strike pursuant to 28 U.S.C. § 1915(g) as well. [*Id.*] Because Plaintiff has accumulated at least three strikes pursuant to § 1915(g), this Court has dismissed Plaintiff's recent complaints without prejudice, granting Plaintiff the right to re-file his actions subject to the payment of the necessary filing fee. [*See, e.g., Rivera v. Stirling*, No. 8:15-cv-04482, ECF No. 46; *Rivera v. Stirling*, No. 8:15-cv-03318, ECF No. 62.] It appears the instant complaint may also be subject to dismissal on this ground.