**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Kenneth Syncere Rivera, | ) | |
| | ) | Civil Action No. 8:16-cv-01202-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order and Opinion** |
| | ) | |
| Brian P. Stirling, Director; Leroy | ) | |
| Cartledge, Warden; Jennifer Franklin, | ) | |
| Postal Director; Beth Tidwell; | ) | |
| Ms. McSkinis, Property Control, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Kenneth Syncere Rivera ("Plaintiff") brought this action seeking relief under 42 U.S.C. § 1983. On June 28, 2016, Defendants filed a Motion to Dismiss. (ECF No. 14.) Afterwards, the Magistrate Judge sent an Order on June 29, 2016, pursuant to <u>Roseboro v. Garrison</u>, 538 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. (ECF No. 15.) Despite this explanation, Plaintiff failed to respond to the motion to dismiss. (EFC No. 18 at 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin, for pre-trial handling. On August 15, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's case be dismissed pursuant to the Federal Rules of Civil Procedure 41(b). (ECF No. 18.)

# I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this 42 U.S.C. § 1983 action against Defendants on April 15, 2016. (ECF No. 1.) On June 28, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 14.) Afterwards, the Magistrate Judge sent an Order on June 29, 2016, pursuant to Roseboro v. Garrison, 538 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. (ECF No. 15.) Nonetheless, Plaintiff failed to respond to the motion to dismiss. (ECF No. 18 at 1.) Accordingly, on March 9, 2016, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 18.) First, the Magistrate Judge noted that Plaintiff is personally responsible for his failure to file a response to the motion to dismiss because he is proceeding pro se. (Id. at 2.) Additionally, the Magistrate Judge determined that Plaintiff's case should be dismissed because he failed to meet the filing deadlines, despite being specifically warned that he would be subject to dismissal if he failed to meet them. (Id. at 2-3.) Additionally, the Magistrate Judge determined that less severe sanctions would not be effective because Plaintiff already ignored the court order and the deadlines. (Id. at 3.) Plaintiff did not timely file objections to the Report and Recommendation.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole

or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Finding no clear error on the record, this court adopts the Report of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 18). It is therefore ordered that Plaintiff's complaint (ECF No. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

September 20, 2016

Columbia, South Carolina